**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICK FRANCIS CRADDUCK, | No. 12-35983 |
| Petitioner - Appellant, | D.C. No. 3:10-cv-01372-PK |
| v. | |
| RICK COURSEY, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted May 14, 2014[**]
Portland, Oregon

Before:    ALARCÓN, TASHIMA, and IKUTA, Circuit Judges.

Petitioner Rick Francis Cradduck appeals the district court's denial of his petition for writ of habeas corpus under 28 U.S.C § 2254.  We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

1.      The state trial court did not err in accepting Cradduck's pre-trial waiver of his right to counsel.  The trial court fully informed Cradduck of the nature of the charges against him, the possible penalties he faced, and the dangers and disadvantages of self-representation.  Despite the trial court's emphatic recommendation to retain counsel, Cradduck insisted on proceeding *pro se*.  The trial court's conclusion that Cradduck's waiver was knowing and intelligent was not contrary to, or an unreasonable application of, clearly established federal law; nor was it based on an unreasonable determination of the facts.  28 U.S.C. § 2254(d); *see Faretta v. California*, 422 U.S. 806, 835 (1975) (holding that waiver was valid where defendant unequivocally declared his desire to waive his right to counsel, and the record indicated that defendant was literate, understanding, and "voluntarily exercising his informed free will").

2.      Cradduck's claim that the denial of a continuance violated his Sixth Amendment right to self-representation is procedurally barred because Cradduck did not fairly present the operative facts of this claim to the state courts.  *See* 28

U.S.C. § 2254(b); *Gulbrandson v. Ryan*, 738 F.3d 976, 992-93 (9th Cir. 2013). We therefore do not reach its merits.[1]

The judgment of the district court denying Cradduck's petition for a writ of habeas corpus is

**AFFIRMED.**

---

[1]     We need not consider whether the trial court's denial of a continuance violated Cradduck's right to due process because Cradduck has not pursued that claim on appeal.